# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CITY OF DESOTO, on behalf of itself and all others similarly situated, | ) ) ) ) | No. 3:12-cv-01182-AET-LHG |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| SIGMA CORPORATION, McWANE, INC. and STAR PIPE PRODUCTS, LTD., | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OF PLAINTIFF CITY OF DESOTO, IOWA REGARDING ORGANIZATION OF SEPARATE BUYER CLASSES AND SELECTION OF LEAD COUNSEL

This responds to this Court's Order of February 9, 2012 setting a deadline of March 5, 2012 for submission of motions to consolidate or otherwise organize the filed cases and to appoint law firms to act as interim lead counsel for various classes.

We recognize that complaints have been filed here on behalf of entities claiming to be direct purchasers from the companies accused by the Federal Trade Commission of conspiracy and monopoly in the sale of Ductile Iron Pipe Fittings ("DIPF"). Our client is an end payer, end user indirect purchaser, not a direct purchaser, so we will not comment here on direct purchaser issues.

Filed in this matter so far are four indirect purchaser complaints. The first is on behalf of Waterline Industries Corporation (3:12-cv-01022-AET-TJB). It seeks damages for a class of distributors who bought DIPF and then resold it. Waterline seeks to represent a class of entities that indirectly bought DIPF. ¶ 78.

The second indirect plaintiff is Yates Construction Company (3:12-cv-00169-AET-LHG).  The complaint alleges that Yates purchases DIPF for its use when it builds waterworks facilities for end users, such as cities which, one supposes, eventually become the owners of such waterworks.  Like Waterline, Yates seeks to represent all indirect purchasers of DIPF. ¶ 78.

The third plaintiff is South Huntington Water District (3:12-cv-00734-FLW-DEA).  Its complaint makes clear that it is a municipal organization that is an end payer/end user of DIPF.  It seeks to represent only "municipal subdivisions and other government entities." ¶ 52.

The fourth plaintiff is the City of DeSoto, Iowa, which is, like South Huntington, an end payer/end user of DIPF.  DeSoto files for three classes of municipal indirect purchasers:  (a) a nationwide class seeking injunctive relief under Sherman Act section 16; (b) like Sough Huntington, a municipalities class seeking damages under applicable state laws for price-fixing during 2008; and, (c) a municipalities class seeking damages for price-fixing and monopolization from 2009 to the present for domestically produced DIPF.

There are two other papers filed so far with the Court in regard to these issues.  The first, filed on February 9, 2012[1], by counsel for Yates and counsel for South Huntington, urges that those two plaintiffs and their counsel be allowed to join together, act as representations and co-lead counsel for all types of indirect purchasers, while postponing consideration of conflict issues.  The second paper, filed by counsel for Waterline, argues that the Yates/South Huntington coalition is barred by conflict of interest principles and that the Court should organize the four indirect plaintiffs into two classes, the first consisting of firms who sell or provide DIPF to cities and the second consisting of the cities themselves.

---

[1] *South Huntington Water District v. Sigma Corporation, McWane Inc and Star Pipe Products, Ltd.*. Case No. 3:12-cv-00734-FLW-DEA. Doc.3-1.  *Memorandum of Law in Support of Motion for Consolidation Pursuant to Fed.R.Civ.P.42 and For Appointment of Interim Co-Lead Counsel for Indirect Purchaser Plaintiffs.*  Submitted by counsel for Yates Construction Company and South Huntington Water District on February 9, 2012.

We believe that the Court can reach a sensible result by examining these two papers, and will not add further argument or authority on that issue.  The major purpose of this submission is to set out reasons why, if a cities class is created, the Cuneo firm should be selected as its lead or co-lead counsel.

First, the ability of Cuneo Gilbert & LaDuca to represent such a class adequately is easy to demonstrate.  Jonathan Cuneo and the firm have extensive experience leading and managing complex litigation and have particularly deep antitrust qualifications and experience. Mr. Cuneo served as an attorney in the Office of the General Counsel of the Federal Trade Commission and then as counsel to the Subcommittee on Monopolies and Commercial law of the U.S. House of Representative's Committee on the Judiciary.  He is the co-editor of *The International Handbook of Private Enforcement of Competition Law* (Edward Elgar Publishing Inc., 2010).

Also working on this litigation at Mr. Cuneo's firm is Joel Davidow, one of the country's most experienced and distinguished antitrust lawyers.  Mr. Davidow worked at the U.S. Federal Trade Commission, followed by 15 years in the Antitrust Division of the Department of Justice, where he eventually served as Chief of the Foreign Commerce Section and then Director of Policy and Planning.  Mr. Davidow has been a partner in several firms that advised and represented major corporations.  Mr. Davidow has been an Adjunct Professor of Law at George Washington University School of Law, Columbia Law School, Georgetown Law Center, American University Law School, and George Mason University Law School, where he has taught courses in antitrust, regulation and international competition policy.  Mr. Davidow is the author of *The Antitrust Guide For International Business Activities* (BNA, 4th ed. 2011).

In addition to its antitrust experience, the Cuneo Gilbert & LaDuca, LLP firm has achieved success for a range of clients*, e.g.,* by helping to recover billions of dollars in shareholder litigation, obtaining compensation for Holocaust survivors, working to recover over one billion dollars for

homeowners with defective construction materials, and, in several jurisdictions, ending the unconstitutional practice of jails' subjecting minor law violators to unnecessary strip searches. The firm has years of experience litigating and prosecuting complex class actions, including the *Enron Securities Litigation,* where the litigation recovered more than $7 billion for defrauded investors and the CertainTeed's defective organic shingles litigation, where the firm served as Co-lead Counsel in an MDL that secured a settlement valued at more than $700 million. Due to its successes, the firm is well financed, and thus can contribute to hiring experts and covering other costs of litigation. With 20 litigators in four offices, the firm has the resources to move this case forward.

Second, since DeSoto is the only plaintiff seeking injunctive relief tailored to the special needs of municipal purchasers, and since it seeks damages for a far longer period than South Huntington, it would be anomalous to shut DeSoto out of a leadership position in favor of plaintiff which, having pleaded a much more limited case, could not be expected to press for the broader claims that Cuneo Gilbert & LaDuca intends to pursue.

Dated:  March 5, 2012

/s/James C. Shah
James C. Shah
SHEPHERD, FINKELMAN, MILLER & SHAH, LLP
475 White Horse Pike
Collingswood, NJ 08107
Tel: 856-858-1770
Email:  jshah@sfmslaw.com

Scott R. Shepherd
Natalie Finkelman Bennett
SHEPHERD, FINKELMAN, MILLER & SHAH, LLP
35 E. State Street
Media, PA  19063
Tel:  610-891-9880
Email:  nfinkelman@sfmslaw.com

Daniel Cohen
Joel Davidow
CUNEO GILBERT & LADUCA, LLP
8120 Woodmont Avenue, Suite 810
Bethesda, MD 20814

Tel: 202-789-3960
Email:  danielc@cuneolaw.com
          Joel@cuneolaw.com

Jonathan W. Cuneo
Victoria Romanenko
CUNEO GILBERT & LADUCA, LLP
507 C Street, NE
Washington, DC 20002
Tel: 202-789-3960
Email:  jonc@cuneolaw.com
          vicky@cuneolaw.com

Mike Flannery
CUNEO GILBERT & LADUCA, LLP
300 N. Tucker Blvd # 801
St. Louis, MO 63101
Tel: 202-789-3960

Barton Goplerud
HUDSON, MALLANEY & SHINDLER, P.C.
5015 Grand Ridge Drive, Suite 100
West Des Moines, IA 50265
Tel: 515-223-4567